PEOPLE ex rel. DONEGAN v. DOOLING et al., Board of Elections.

(Supreme Court, Appellate Division, Second Department. November 3, 1910.)

1. STATUTES (§ 225¾*)—CONSTRUCTION.

A re-enactment of a previous statute is by the settled law, as well as by General Construction Law (Consol. Laws, c. 22) § 95, not a new law, but a continuance of the former law, and in determining its meaning it must be determined what was intended by the prior enactment.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 306; Dec. Dig. § 225¾.*]

2. ELECTIONS (§ 139*)—NOMINATIONS—CERTIFICATE.

Election Law (Consol. Laws, c. 17) § 127, provides that certificates of nomination for office to be filled by the voters of any district greater than a county shall be filed with the Secretary of State, except that certifi-

cates of nomination of candidates for offices to be filled only by the voters or a portion of the voters of the city of New York shall be filed with the board of elections of such city, and that certificates of nomination of candidates for offices to be filled only by the votes of voters, part of whom are of New York City and part of whom are of a county "not wholly within" the city of New York, shall be filed with the clerk of such county and in the office of the board of elections of said city. The statute is a re-enactment of Laws 1896, c. 909. General Construction Law (Consol. Laws, c. 22) § 95, provides that a re-enactment of a previous statute shall be deemed a continuation of the former law. As the election law was originally enacted, it did not contain the provisions as to a county not wholly within the city; it being introduced by an amendment made by Laws 1897, c. 379, designed to meet a situation created by Laws 1897, c. 378, whereby a part of Queens county was partly included in the city of New York. *Held* that, where a certificate of the nomination of a senator in a district embracing the counties of Richmond and Rockland was filed in the office of the board of elections of New York City and the county clerk of Rockland county, it was insufficient; Rockland county being entirely without New York City.

[Ed. Note.—For other cases, see Elections, Dec. Dig. § 139.*]

3. WORDS AND PHRASES — "NOT WHOLLY WITHIN" — "NOT WHOLLY" — "PARTLY."

Ordinarily the words "not wholly within" refer to a situation where a part is within. "Not wholly" is synonymous with "partly."

Appeal from Special Term, Rockland County.

Mandamus by the People, on the relation of Nicholas T. Donegan, to compel John T. Dooling and others, constituting the board of elections of the city of New York, to print the name of one Shake on the official ballot for senator. From an order directing the issuance of a peremptory writ, respondents appeal. Reversed.

Argued before JENKS, BURR, THOMAS, and CARR, JJ.

John B. Shanahan, for appellants.

Benjamin Reass, for respondent.

PER CURIAM. Mr. Shake was nominated by the Independence League party as a candidate for senator in the Twenty-Third senatorial district, which embraces the counties of Richmond and Rockland. Certificates of such nomination were filed in the office of the board of elections of the city of New York and in the office of the county clerk of Rockland county. The board of elections of the city of New York refused to direct the printing of his name on the official ballot to be used at the coming election in Richmond county, which is within the city of New York. On the application of the relator, an order has been entered at Special Term directing the issuance of a peremptory writ of mandamus, directing the board of elections to print Shake's name on the official ballot. From this order, this appeal has been taken.

The provisions of the statutes regulating the filing of certificates of nomination, in cases like this, are to be found in section 127 of the election law (Consol. Laws, c. 17). That section declares the general rule as follows:

"Certificates of nomination of candidates for office to be filled by the voters of the entire state, or of any division or district greater than a county, shall be filed with the Secretary of State."

It then provides several exceptions to this general rule, and among said exceptions is one as follows:

"And except that certificates of nomination of candidates for offices to be filled only by the voters or a portion of the voters of the city of New York shall be filed with the board of elections of the city of New York."

Then follows this provision:

"Certificates of nomination of candidates for offices to be filled only by the votes of voters, part of whom are of New York City and part of whom are of a county not wholly within the city of New York, shall be filed with the clerk of such county and in the office of the board of elections of said city."

Rockland county is not only not "wholly within the city of New York," but also not partly. It is situated many miles away from the boundaries of the city of New York. 'Ordinarily the words "not wholly within" refer to a situation where a part is within. "Not wholly" is synonymous with "partly." The present act is but a re-enactment of a previous act. Laws 1896, c. 909, as amended. A re-enactment of a previous statute is, both by the settled law of adjudged cases as well as by the provisions of General Construction Law (Consol Laws, c. 22) § 95, deemed not a new law, but the continuation of the former law. In determining its meaning, it must be found out what was intended by the prior enactment.

As the election law was enacted originally, it did not contain the provision here in question. It was introduced first by an amendment made by chapter 379 of the Laws of 1897. This amendment was designed to meet a situation created by chapter 378 of the Laws of 1897, the "Greater New York Charter." This last-mentioned act extended the boundaries of the city of New York so that said city embraced three entire counties and a large part of a fourth, viz., Queens County. Therefore by the amendment of the election law in 1897 provision was made to meet the situation, where there would be a county largely, but not "wholly," within the city of New York. Subsequently, by chapter 588 of the Laws of 1898, that portion of Queens county which lay outside the boundaries of the city of New York was erected into the new county of Nassau. Then and thereafter there was no county partly in the city of New York and partly outside, and the provision made by the amendment of 1897 became inoperative. No new force was given to this provision by the re-enactment in the Consolidated Laws, for the obvious reason that the situation to which it was intended originally to apply no longer exists. Therefore neither verbally nor in original intent does the statute in question authorize the filing of this certificate in any office but that of the Secretary of State.

If the court had a dispensing power, it might or might not exercise it in favor of the relator. But it has no dispensing power. The candidates for the same office of both the Republican and Democratic parties seem not to have been misled, for no questsion arises as to the filing of their certificates.

The order granting the writ of peremptory mandamus is reversed, without costs, and the motion for the writ is denied, without costs.