In the Matter of the Application of MOUNT HOPE DEVELOPMENT CORPORATION for a Certiorari Order to Review the Findings and Determination of DARWIN R. JAMES and Others, as Members of the State Board of Housing of the State of New York, Division of Architecture, Respondents, in Respect to an Application Submitted by Jacob Leitner and Others on Behalf of a Proposed Limited Dividend Housing Corporation to Be Known as the Academy Housing Corporation for the Purpose of Obtaining Approval Pursuant to the State Housing Law, of Eight Projects Relating to Property and Proposed Improvements on a Plot of Land Situated on Lot 1, Block 3519 on the Land Map of the County of Bronx.

ACADEMY HOUSING CORPORATION, a Private Limited Dividend Corporation Formed under the State Housing Law of New York, Intervening Respondent.

First Department, July 1, 1931.

*Aronstein & Levine*, attorneys for the petitioner.

*Engelhard, Pollak, Pitcher & Stern*, attorneys for the respondents.

*Kadel, Van Kirk & Trencher*, attorneys for intervening respondent, and *John J. Bennett, Jr., Attorney-General*, for the motions.

MARTIN, J. These motions, made by the respondents as members of the State Board of Housing of the State of New York and the intervening respondent, Academy Housing Corporation, seek to

vacate a certiorari order obtained by the petitioner, Mount Hope Development Corporation. The order was obtained *ex parte*.

The intervening respondent, Academy Housing Corporation, a proposed limited dividend housing corporation, submitted an application and plan relating to eight projects to be erected in The Bronx. The respondent State Board of Housing approved the plans, specifications and estimated costs and found that the projects in other respects complied with the conditions and requirements prescribed by the State Housing Law, and, therefore, the Board approved the projects, designating one of its members as a member of the board of directors of the proposed corporation, and authorized the chairman to execute any certificates or other papers necessary to effectuate the intent of the resolution.

The petitioner obtained an *ex parte* order of certiorari to review the " determination and findings " of the State Board of Housing approving the erection of eight buildings by the intervening respondent. The petition alleges that the applicant is a taxpayer, owning real property situated in the county of Bronx, consisting of multiple dwellings, renting at not less than the average of fifteen dollars per room and not exempt from taxation; that the " State Housing Law is unconstitutional and that the entire State Board of Housing is an unconstitutional body," and that there is no evidence or proof to support a finding that the proposed improvements are within an area and adjacent to localities in which congested and unsanitary housing conditions exist as described in section 2 of the State Housing Law.

The members of the State Board of Housing moved to vacate the order of certiorari on the ground that the Mount Hope Development Corporation was not a party to the proceedings before the Board and is, therefore, not a " person aggrieved by the determination to be reviewed " within the meaning of section 1290 of the Civil Practice Act and on the further ground that the resolution of the Board approving the project of the Academy Housing Corporation is not subject to attack or challenge by certiorari. It is claimed that since the certiorari proceeding assumes the authority of the Board whose action is being reviewed it cannot be made the basis of an attack on the statute creating the Board on constitutional grounds. It is also claimed that the action of the Board was discretionary and administrative and not judicial and, therefore, is not reviewable by certiorari.

The intervening respondent, Academy Housing Corporation, also moved to vacate the order of certiorari on the ground that the " determination and finding " of the State Board of Housing is not subject to review by certiorari since it was an administrative and not a judicial act; that the applicant is not a person

aggrieved by the determination sought to be reviewed; the constitutionality of the State Housing Law need not be considered or tested in this proceeding and that certiorari will not lie to effect the annulment of the corporate existence of the intervening respondent.

If the petitioner had intervened or was a party we are of the opinion that this proceeding would have been proper.

In *People ex rel. N. Y. Edison Co.* v. *Willcox* (207 N. Y. 86) the Court of Appeals reversed a finding of the Appellate Division that the relator was not a party aggrieved although it had intervened in the hearing before the Commission. The Court of Appeals held that the relator was a party aggrieved and said: " The appellant was and for many years had been furnishing electricity for light, heat and power in the boroughs of Manhattan and The Bronx. It was directly and seriously interested in this proceeding which thus involved the consideration and determination of the present right of the respondent to place wires for those uses in those boroughs or acquire property or construct a plant to be used in competition with it. The commission might legally and justly permit it to become a party to the proceeding and the determination adverse to it after its intervention was reviewable, under certiorari, upon its application as the party aggrieved thereby. * * * The conditions justified the ruling that the appellant should intervene in and become a party to the proceeding. A contrary ruling would have been erroneous. The relation of the appellant to the subject matter and the object of the proceeding and the situation between the parties, as presented to us, is the same as when the appellant was allowed to intervene. In respect of any matter within the scope of the intervention, it became an actor, with liberty to present its contention and obtain an adjudication, and a consequent right to have whatever was done reviewed by the appellate courts."

The reason assigned for the above decision was that the relator was permitted to and did take an active part in the proceeding; that he became a party thereto and proceeded with the hearings before the Board without objection.

Here, the petitioner is a stranger to the proceeding, has never been a party thereto and has neither intervened nor attempted to do so. If the petitioner had intervened and an adverse decision was given, there appears to be authority for his right to review by certiorari. In a case where the petitioner is not a party and did not seek to intervene, we are of the opinion that he has no right to review by certiorari.

The motions to dismiss should be granted.

FINCH, P. J., MERRELL, McAVOY and SHERMAN, JJ., concur.

Motions granted.