In the Matter of the Application of JOHN D. LYONS, Petitioner, for an Order of Certiorari against THE STATE TAX COMMISSION, Respondent.

Third Department, May 11, 1932.

*Nellie Childs Smith*, for the petitioner.

*John J. Bennett, Jr., Attorney-General [Eric J. Lake, Deputy Assistant Attorney-General,* of counsel], for the respondent.

HINMAN, J. This is certiorari to review the action of the State Department of Taxation and Finance in reference to the redemption of land in the town of Fallsburgh, Sullivan county, which had been sold for arrears of taxes at the June 12, 1926, tax sale.

The petitioner was the purchaser for $122.98. On October 24, 1927, he received a tax deed. On December 21, 1927, he gave a deed to one Zaslowsky. Adele D. Evans claims to have been occupant and owner of the premises and entitled to redeem at any time before notice and within two years from the expiration of the year allowed by law for the redemption thereof, namely, three years from the date of sale. (Tax Law, § 137; *Mabie* v. *Fuller*, 255 N. Y. 194.) No notice to redeem was ever served upon the alleged owner and occupant. So Adele D. Evans, occupant on June 12, 1927, had until June 12, 1929, to redeem. On June 3, 1929, the State Department of Taxation and Finance received from Adele D. Evans $169.60 as the consideration money for which the land had been sold and thirty-seven and one-half per cent thereon, together with the sum paid for the deed, to redeem the property

from the tax sale; and with the money she presented affidavits furnishing evidence of her occupancy of the premises on June 12, 1927, and for years prior and subsequent thereto. Her action was timely and the affidavits made out a *prima facie* case of occupancy on June 12, 1927.

The said Department invited the petitioner, as purchaser at the tax sale, to submit affidavits as to occupancy, which he did. His affidavits disputed those of the alleged occupant. The Department through its agent made an investigation. Further affidavits were submitted on behalf of the latter and the Department continued its investigation beyond the three-year period and issued a certificate of redemption in July, 1929. No formal hearing or trial of the issues was had.

The petitioner claims, amongst other things, that the redemption certificate was void because the proofs of occupancy were not all produced within the three years and the certificate was not issued within that period; that the premises were not occupied within the meaning of the statute; and that the petitioner was entitled to, and denied, a hearing or trial of the issues.

Section 137 of the Tax Law (as amd. by Laws of 1928, chap. 845, § 10) provides: " The occupant of any lot or separate tract of land sold for taxes by the Comptroller or the Department of Taxation and Finance, or any part thereof, or any person who had the title thereto or an interest therein at the time of sale may, at any time before the service of such notice [to redeem] by the purchaser or the person claiming under him and within two years from the expiration of the year allowed by law for the redemption thereof and not thereafter, redeem any land so occupied, by filing with the Department of Taxation and Finance, satisfactory evidence of the occupancy required, and by paying to him the consideration money for which the lands to be redeemed were sold and thirty-seven and one-half per centum thereon, with the sum paid for the deed, if any. On application for such redemption the Department may take all material evidence offered with reference to the occupation of the lands in question. The hearing shall be had on at least ten days' notice to the party applying for the redemption. * * * In case of failure to redeem within the time herein specified, the sale and conveyance thereof shall become absolute and the occupant and all other persons barred forever."

The occupant complies with this section by " filing with the Department " satisfactory evidence of the occupancy required and by paying the necessary sum. Since the evidence is to be " filed " it must be documentary or written evidence. If the money be paid and this evidence filed within the three-year period, redemption

is complete and the right to redeem established. In this case it was complete June third and the period for redemption expired June twelfth following. That the Department took some time to investigate and determine whether the evidence filed was satisfactory cannot defeat this redemption. If it could, redemption by any owner or occupant could be defeated simply by the fact that the Department prolonged the time and reserved its determination of the sufficiency of the evidence until the three years had expired. When the Department makes its determination it is effective as of the day the money was paid and the " satisfactory evidence " filed.

These provisions of the Tax Law are liberally construed in favor of the occupant or owner. (*West End Brewing Co.* v. *Osborne*, 227 App. Div. 340, 341; affd., 254 N. Y. 572; *Clark* v. *Kirkland*, 133 App. Div. 826; affd., 202 N. Y. 573.) The Department was not limited as to the method of proceeding or proof by which it reached its decision. The only provision as to notice to any one is the one providing: " The hearing shall be had on at least ten days' notice to the party applying for the redemption." The Department " may take all material evidence offered." Section 137 provides a separate and distinct method of redemption. (*Mabie* v. *Fuller, supra.*) It does not make the purchaser or his successor a party. The mere fact that the Department invited the purchaser to give to it the benefit of any information he had to offer to aid the Department in performing its duty and subsequently did receive some affidavits supplied by the purchaser, did not make him a party so as finally to determine his rights (Civ. Prac. Act, § 1286) and thus to make him a person aggrieved (Civ. Prac. Act, § 1290), essential to a right to certiorari to review the determination. The Department can proceed only as prescribed in the statute. The power it is given is for the benefit of the occupant. It has no judicial power to determine a controversy between the occupant and the purchaser, but to discover a fact which, when found, is to determine its own conduct. The Department may permit the purchaser to put it in the way to discover the truth, but the purchaser cannot compel an investigation or a hearing for his own benefit, nor if heard can he bring certiorari to review the action taken. (*People ex rel. Wright* v. *Chapin*, 104 N. Y. 369, 371, 376, 377; *Bandler* v. *Hill*, 84 Misc. 359, 370, 371; *People ex rel. Oyster Bay* v. *Woodruff*, 64 App. Div. 239; *Matter of Santa Clara Lumber Co.* v. *Comrs. of Land Office*, 209 id. 705.) The action of the Department under section 137 does not deny to the purchaser any substantial right nor due process, *first*, because the purchaser takes his title " subject to just such limitations and conditions as the Legislature has

prescribed " (*People ex rel. Staples* v. *Sohmer*, 206 N. Y. 39, 45); and *second*, since the section does not confer authority to determine the purchaser's rights, he may still have his rights, if any exist, determined by a competent court in a proper action.

Without further passing upon the questions raised by the petitioner, we hold that the proceeding of redemption under section 137 of the Tax Law is one between the alleged occupant and the Department and that the purchaser is not a party to the proceeding, does not have his rights finally determined therein and is not a party aggrieved and thus cannot bring this certiorari to review the determination.

The certiorari should be dismissed.

All concur.

Certiorari dismissed.