■ STOP-THE-BARGE, by its President KATHLEEN GILRAIN, et al., Appellants, v JOHN P. CAHILL, as Commissioner of Environmental Conservation, et al., Respondents. [750 NYS2d 148] —Rose, J. Appeal from a judgment of the Supreme Court (Cannizzaro, J.), entered August 30, 2001 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted certain respondents' motions to dismiss the petition as time-barred, and dismissed the petition against all respondents.

In January 2000, respondent New York City Department of Environmental Protection (hereinafter DEP), acting as lead agency, issued a conditioned negative declaration concerning an application by respondent NYC Energy, LLC, (hereinafter NYCE) to construct a 79.9 megawatt power generation facility on a barge to be docked in the Brooklyn Navy Yard in Kings County. After reviewing NYCE's ECL article 19 air permit application, conducting a nonadjudicatory hearing and deciding that no revisions or further hearings were required, respondent Department of Environmental Conservation (hereinafter DEC) issued the requested permit on December 18, 2000. On February 20, 2001, petitioners filed a notice of petition and a petition pursuant to CPLR article 78 seeking to annul the determinations of DEC and DEP. The notice and petition were served on respondents on February 26, February 28, and March 1, 2001. DEC and respondent Commissioner of Environmental Conservation (hereinafter collectively referred to as the DEC respondents), as well as DEP, then moved to dismiss the petition as time-barred. By its answer, NYCE sought dismissal on,

among others, the same ground. Finding that the two-month statute of limitations in ECL 19-0511 (2) (b) governed because petitioners were not parties to the underlying administrative proceedings and that the judicial proceeding was commenced by service, rather than by the earlier filing, Supreme Court dismissed the petition as to all respondents. Petitioners now appeal.

We find merit in petitioners' argument that since the DEC respondents did not otherwise dispute petitioners' ability to maintain a CPLR article 78 proceeding pursuant to ECL 19-0511 (1), Supreme Court erred in subjecting their proceeding to the two-month limitations period of ECL 19-0511 (2). This subdivision provides: "When a review in accordance with [CPLR article 78] is not maintainable, either because the person aggrieved was not a party to the original proceedings in which the order or determination or other action which is sought to be reviewed was made or taken, or for any other reason, the order or determination of the commissioner and the validity or reasonableness of any code, rule or regulation of the department promulgated pursuant to this article may nevertheless be reviewed as hereinafter provided." The balance of subdivision (2) then describes a special proceeding with a shorter, two-month limitations period and commencement by service. Respondents contended, and Supreme Court agreed, that the phrase "because the person aggrieved was not a party to the original proceedings" affirmatively precludes petitioners from maintaining a CPLR article 78 proceeding because they were not parties in the underlying DEC proceedings. Since, however, the history and sentence structure of ECL 19-0511 (2) indicate that this phrase serves only to describe when an alternate proceeding is available, rather than bar nonparties from article 78 proceedings, we conclude that Supreme Court misconstrued the statute and found a prohibition where none was intended (*see Matter of Dairylea Coop. v Walkley*, 38 NY2d 6, 11-12; *Matter of New York State Assn. of Tobacco & Candy Distribs. v New York State Tax Appeals Trib.*, 159 AD2d 132).

ECL 19-0511, which was added in 1972 (L 1972, ch 664), was derived essentially verbatim from Public Health Law § 1283, which was added in 1957 (L 1957, ch 931) and also related to judicial review of administrative determinations concerning air pollution. Significantly, Public Health Law § 1294, which was added at the same time as section 1283, recited that neither of these sections would abridge or alter any previously existing rights of action or remedies. This authorizes the inference that ECL 19-0511, as the successor to

Public Health Law § 1283, does not, by itself, preclude nonparties from maintaining a CPLR article 78 proceeding. In addition, while the legislative histories of ECL 19-0511 and Public Health Law § 1283 do not indicate whether the above-quoted phrase was intended to be descriptive or prescriptive, the unavailability of judicial review to nonparties to adjudicatory administrative proceedings when these sections were added leads us to conclude that the phrase merely recognizes a then-existing common-law bar to review by certiorari (*see Matter of Lyons v State Tax·Commn.*, 235 App Div 474, 478 [1932]; *Matter of Mount Hope Dev. Corp. v James*, 233 App Div 284, 285 [1931], *affd* 258 NY 510; *Matter of Jonas v Board of Stds. & Appeals of City of New Rochelle*, 155 NYS2d 506 [1956], *affd* 3 AD2d 668; *Matter of Goldstein v State Commn. of Correction*, 182 Misc 695, 696 [1943]; *Matter of Browning v Bryant*, 178 Misc 576 [1942], *affd* 264 App Div 777). Thus, although ECL 19-0511 (2) expressly contemplates that a CPLR article 78 proceeding might not be maintainable because "the person aggrieved was not a party to the original proceedings," we construe it as only describing an additional procedure available if that were true. As a result, Supreme Court erred in ruling that ECL 19-0511 (2) supplanted CPLR 217 (1). Because the four-month limitations period of CPLR 217 (1) was applicable here, and there is no dispute that petitioners commenced their CPLR article 78 proceeding within four months of DEC's determination, we reverse the dismissal of this proceeding as to the DEC respondents.

Since Supreme Court also erred in concluding that petitioners' proceeding as against DEP would be timely if it were timely as against the DEC respondents, we find that dismissal of the petition as to DEP was correct. The fact that DEC took additional action on NYCE's application following DEP's negative declaration is immaterial because DEC is a separate agency. Also, the record reveals nothing indicating that any further action by DEP, such as its issuance of a permit, was expected or actually occurred. In these circumstances, DEP's issuance of a negative declaration completed the environmental review process for the purposes of calculating the timeliness of petitioner's judicial review proceeding (*see Matter of City of Saratoga Springs v Zoning Bd. of Appeals of Town of Wilton*, 279 AD2d 756, 759; *Matter of McNeill v Town Bd. of Town of Ithaca*, 260 AD2d 829, 830, *lv denied* 93 NY2d 812). As there is no dispute that petitioners did not commence this proceeding within four months of the determination which they seek to challenge, the judgment of dismissal must stand as to DEP.

Mercure, J.P., Peters, Carpinello and Mugglin, JJ., concur.

Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted the motion of respondents Commissioner of Environmental Conservation and Department of Environmental Conservation and as dismissed the petition against NYC Energy, LLC; motion denied; and, as so modified, affirmed.