In a proceeding pursuant to CPLR article 78 to review three determinations of the Town Board of the Town of Ramapo, all dated January 25, 2010, resolving to approve a findings statement pursuant to the State Environmental Quality Review Act (ECL article 8) in connection with a proposed development project, to amend the Comprehensive Plan of the Town of Ramapo so as to permit the development project, and to rezone the real property on which the development project is proposed to be constructed, respectively, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Rockland County (Jamieson, J.), dated October 18, 2010, which granted those branches of the motion of the Town of Ramapo and Town Board of the Town of Ramapo, and the separate motion of Scenic Development, LLC, which were pursuant to CPLR 3211 (a) (3) and 7804 (f) to dismiss the petition, and dismissed the proceeding for lack of standing and on the merits.
Ordered that the order and judgment is modified, on the law, *679 by deleting the provisions thereof granting those branches of the separate motions which were pursuant to CPLR 3211 (a) (3) and 7804 (f) to dismiss the first, third, fourth, fifth, and sixth causes of action and dismissing those causes of action for lack of standing and on the merits, and substituting therefor provisions denying those branches of the separate motions; as so modified, the order and judgment is affirmed, without costs or disbursements, the first, third, fourth, fifth, and sixth causes of action are reinstated, and the matter is remitted to the Supreme Court, Rockland County, for further proceedings on those causes of action consistent herewith, and the respondents’ time to serve and file an answer to those causes of action and the time of the Town of Ramapo and the Town Board of the Town of Ramapo to file the complete administrative record are extended until 20 days after service upon them of a copy of this decision and order (see CPLR 7804 [e], [f]).
Scenic Development, LLC (hereinafter Scenic), is the owner of certain real property known as Patrick Farm (hereinafter the site), located in the Town of Ramapo. In 2008, Scenic applied to the Town Board of the Town of Ramapo (hereinafter the Town Board) for amendments to the Town’s zoning map and Comprehensive Plan to permit the development of multifamily residential units on a portion of the site. In January 2010, the Town Board enacted Local Law No. 1 (2010) of Town of Ramapo (hereinafter the Local Law) to amend to Town’s zoning map, changing the zoning designation of a certain parcel on the site from R-40 residential to MR-8 multifamily residential.
In May 2010, the petitioner, who lives across the street from the site, commenced this proceeding pursuant to CPLR article 78 to review the Town Board’s determinations leading up to the enactment of the Local Law. In her first and second causes of action, the petitioner alleged certain procedural infirmities in the adoption of the Local Law, in violation of the Municipal Home Rule Law. In addition, the petitioner claimed, in her third and fourth causes of action, that the zoning change violated Town Law § 262 and constituted illegal spot zoning, respectively. The fifth and sixth causes of action centered upon the Town Board’s alleged failure to comply with the requirements of the State Environmental Quality Review Act (ECL article 8 [hereinafter SEQRA]). Prior to answering the petition, the Town Board and the Town moved, and Scenic separately moved, inter alia, pursuant to CPLR 3211 (a) (3) and 7804 (f) to dismiss the petition for lack of standing. The Supreme Court granted those branches of the motions, and dismissed the proceeding both for the petitioner’s lack of standing and on the merits. The petitioner appeals, and we modify.
*680 The Supreme Court erred in granting those branches of the separate motions which were pursuant to CPLR 3211 (a) (3) and 7804 (f) to dismiss, for lack of standing, the causes of action alleging illegal spot zoning, a violation of Town Law § 262, and a failure to comply with the requirements of SEQRA. Since the petitioner lives in close proximity to the portion of the site that is the subject of the challenged determinations, she did not need to show actual injury or special damage to establish standing (see Matter of Gernatt Asphalt Prods. v Town of Sardinia, 87 NY2d 668, 687 [1996]; Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d 406, 409-410, 413-414 [1987]; Matter of Village of Chestnut Ridge v Town of Ramapo, 45 AD3d 74, 89-90 [2007]; Matter of Ontario Hgts. Homeowners Assn. v Town of Oswego Planning Bd., 77 AD3d 1465, 1466 [2010]). Further, the injuries alleged by the petitioner fell within the zone of interests to be protected by SEQRA and the Town’s zoning laws (see Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 772-775 [1991]; Matter of Bloodgood v Town of Huntington, 58 AD3d 619, 621 [2009]; Matter of Village of Chestnut Ridge v Town of Ramapo, 45 AD3d at 94; Matter of McGrath v Town Bd. of Town of N. Greenbush, 254 AD2d 614, 616 [1998]). Moreover, the petitioner had standing to assert her cause of action alleging a violation of Municipal Home Rule Law § 20 (see Matter of Village of Chestnut Ridge v Town of Ramapo, 45 AD3d at 87).
However, the second cause of action was properly dismissed for lack of standing, since the petitioner failed to demonstrate that she was harmed by the adoption of the Local Law in the absence of a mandatory referendum, in alleged violation of Municipal Home Rule Law § 23 (2) (f) (see New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d 207, 211 [2004]; Society of Plastics Indus. v County of Suffolk, 77 NY2d at 773; cf. Matter of Gizzo v Town of Mamaroneck, 36 AD3d 162, 166-168 [2006]).
Contrary to the respondents’ contention, they failed to meet their burden of establishing that the petitioner was precluded from maintaining this proceeding on the ground that she did not actively participate in the underlying administrative proceeding. The petitioner alleged, in her submissions to the Supreme Court, that the objections to the Town Board’s determinations that she raises in this proceeding were fully and specifically advanced by others at a public hearing conducted by the Town Board or in written comments timely submitted to the Town Board (see generally Stop-the-Barge v Cahill, 298 AD2d 817 [2002], affd 1 NY3d 218 [2003]). Since the respondents failed to file the record of the administrative proceeding *681 with the Supreme Court, the issues presented by the parties in connection with the respondents’ contention that the petitioner is precluded from maintaining this proceeding could not be resolved on the respondents’ motion. Consequently, the Supreme Court should have denied that branch of the respondents’ motion which was to dismiss the petition based on the petitioner’s alleged failure to actively participate in the underlying administrative proceeding.
Moreover, it was error for the Supreme Court, as an alternative ground for dismissal, to reach the merits of the petitioner’s SEQRA claims prior to service of the respondents’ answers and the filing of the complete administrative record (see CPLR 7804 [e], [f]). On the appellate record before us, it cannot be said that “tbe facts are so fully presented in the papers of the respective parties that it is clear that no dispute as to the facts exists and no prejudice will result from the failure to require an answer” (Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Serus. of Nassau County, 63 NY2d 100, 101 [1984]; see Matter of Bill’s Towing Serv., Inc. v County of Nassau, 83 AD3d 698, 699-700 [2011]; cf. Matter of Shellfish, Inc. v New York State Dept. of Envtl. Conservation, 76 AD3d 975, 978-979 [2010]; Matter of Laurel Realty, LLC, v Planning Bd. of Town of Kent, 40 AD3d 857, 860 [2007]).
The petitioner’s remaining contentions need not be reached in light of our determination.
Accordingly, the matter must be remitted to the Supreme Court, Rockland County, for further proceedings on the first, third, fourth, fifth, and sixth causes of action, after the respondents serve and file their answers and the Town Board and the Town file the complete administrative record. Florio, J.P., Lott, Sgroi and Miller, JJ., concur.