THE PEOPLE ex rel. JOHN ANDREWS, Respondent, *v.* JOHN C. McGUIRE, as Registrar, etc., Appellant.

A lot owned by relator in the city of Brooklyn, known as "lot 13," was assessed by that number under the act of 1883 (Chap. 114, Laws of 1883). Subsequently the assessors, on application and acting under the same statute, at various times apportioned lot 13 into other lots, one of these lots being numbered 112, and a part of the original assessment was apportioned against it. To this lot was subsequently added a part of a lot not formerly forming part of No. 13, upon which there was no assessment. The assessment not having been paid, the registrar sold

that portion of lot 112 which was subject to the assessment; in the advertisement published, this was described as "Lot 112, Part." In proceedings by mandamus to compel the registrar to receive the amount of the assessment and to cancel the lien thereof, it was claimed the sale was void because of alleged defect in the description in the advertisement. *Held*, untenable; that the notice was a substantial compliance with the act (§ 3); and as, therefore, the sale was not void, the granting of the writ was error.

*It seems* that if the relator is entitled to any remedy, it must be by action in equity to be relieved from the sale or for redemption, to which the purchaser or person holding the certificate of sale is a party.

(Argued April 13, 1891; decided June 2, 1891.)

APPEAL from order of the General Term of the City Court of Brooklyn, made February 24, 1891, which affirmed an order of Special Term directing a peremptory writ of mandamus to issue.

The requirements of the writ and the material facts are stated in the opinion.

*William T. Gilbert* for appellant. A mandamus will issue against a public officer only to compel the performance of a duty plainly devolved upon him by law. No duty has been by law cast upon the registrar of arrears to cancel a sale. (Laws of 1888, chap. 583; *People* v. *Thompson*, 98 N. Y. 6, 11; *People* v. *Supervisors*, 11 id. 563, 575; *People* v. *Hawkins*, 46 id. 10.) The sale was valid. (Laws of 1883, chap. 114, §§ 2, 3, 12.) The courts below erred in directing a peremptory writ to issue. (Code Civ. Pro. §§ 500, 2070, 2077; *Bennett* v. *L. M. Co.*, 110 N. Y. 150.) The relator has not performed the necessary preliminaries to perfect the right to a mandamus. (*Noyes* v. *Wyckoff*, 114 N. Y. 204.)

*John Andrews*, respondent in person. A mandamus will issue to compel a public officer to perform his duty. (*People ex rel.* v. *Clerk of Marine Court*, 3 Abb. 309; *People ex rel.* v. *Haight*, 66 N. Y. 606; *People ex rel.* v. *Cady*, 18 J. & S. 316.) A duty was imposed on the registrar of arrears to receive payment of assessment lien in question. (Laws of 1883, chap. 114, § 3.)

*Per Curiam.*   The defendant is the registrar of arrears of
the city of Brooklyn.   On the 18th of November, 1889, the
City Court of Brooklyn made an order, on the application of
the relator, directing that a peremptory mandamus issue to him
commanding that he forthwith receive from the relator the
amount of an assessment lien, apportioned and fixed by the
board of assessors, under chapter 114 of the Laws of 1883,
upon a lot known as No. 112, block 54 of the 25th ward assess-
ment map of the city of Brooklyn, with interest on the amount
of the assessment from the date of filing the certificate and,
upon being so paid, that he mark upon the records in his office
by some appropriate entry thereon, that the assessment lien is
paid and canceled.   The General Term of that court affirmed
the order.   Upon the application the following facts appeared :
On the 9th of May, 1885, the board of assessors, acting under
the above-mentioned statute, made a certificate whereby it
appeared that they had fixed and determined that the sum of
$1,687 should be assessed upon lot 13, block 54 of the 25th
ward.   Subsequently, and in January, 1886, the assessors, on
application and ruling under the same statute, apportioned lot
No. 13 into lots 91 and 92.   Still later they in like manner
apportioned lot 91 into lots 104 and 105.   Thereafter and on
relator's application, the board apportioned lot 105 into lots
112 and 113.   At the same time a lot on the same block known
as No. 89 was apportioned by adding a part of it, at the request
of the relator, to 112 and making the balance lot 114.   When
lot No. 112 was carved out of lot No. 105, the sum of $249.75
was apportioned against it as its equitable share of the burden
originally imposed upon the original lot 13 but that part of lot
89, which was added to lot 112 as above stated, was free and
clear from all taxes and arrears.   Thus it appears that, when
all the apportionments were completed, that part of lot 112,
which came from lot 105, was burdened with an assessment of
$249.75, while the smaller portion of this lot, that came from
No. 89, was clear and not subject to sale.   By section three of
the statute the registrar is required in case the sum assessed
and apportioned against *any parcel* of land is not paid, within

twelve months after the filing of the certificate, to sell *such parcel* at public auction to the highest bidder for a sum not less than the amount unpaid and all interest accrued thereon. He is required to publish an advertisement which shall include a designation of the time and place of sale and of the ward or wards in which the property is advertised, and " that further particulars of the property to be sold may be obtained at the said registrar's office, and it shall not be necessary in said advertisement to include any further particulars of the property to be sold." On the 3d of October, 1888, the defendant sold that portion of lot 112, which was subject to the assessment lien, to one John G. Byrne for $500, and issued to the purchaser a certificate of the sale, which was recorded in the office of the registrar. The only error or irregularity alleged against this sale by the relator is that the lot was designated in the advertisement as " Lot 112 Part." His position is that there was no such lot upon the assessment map of the 25th ward, and that the sale is void. There was a lot upon this map owned by the relator, designated as 112; only part of which was subject to the tax. The registrar was authorized by the statute to advertise and sell any *parcel of land*, stating in the notice that all further particulars of the property to be sold might be obtained at the office. So far as appears from the record before us the notice was a substantial compliance with the statute, and we cannot say that the sale was void. Under these circumstances the registrar cannot be compelled by mandamus to receive the taxes and make an entry upon the books that the same are paid. If there is any remedy for the relator it must be by an action in equity, to be relieved from the sale, or for redemption, in which the purchaser or person holding the certificate is a party. The right acquired by him at the sale cannot be affected by a proceeding of this character in which he has no opportunity to be heard.

The order of the General and Special Terms of the City Court should be reversed and the application denied, with costs in all courts.

All concur.

Order reversed.