THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARY G. STAPLES et al., Appellants, *v.* WILLIAM SOHMER, as Comptroller of the State of New York, Respondent.

Tax — cancellation of tax sales under section 140 of Tax Law — mandamus to compel such cancellation — proceeding, on part of owner, will not lie unless purchaser is made a party thereto — when writ properly denied for laches on part of relator.

1. Where lands sold at a tax sale were conveyed previous to the enactment of the General Tax Law (L. 1896, ch. 908), which by section 140 first authorized an application for cancellation to be made by the owner of such lands at the time of sale, mandamus to compel cancellation will not lie on behalf of the owner when the purchaser is not made a party to the proceeding. Such provision is inapplicable to conveyances made before that time, but as to sub-

sequent conveyances, a different rule may obtain, for a purchaser on those sales must take his title subject to such limitations and conditions as the legislature has prescribed.

2. Where a period of fifteen years elapsed between the enactment of the statute relative to the cancellation and the application for relief by a person claiming to benefit thereby, the writ of mandamus is properly denied for laches of the relator. (*People ex rel. Townshend* v. *Cady,* 99 N. Y. 620, distinguished.)

*People ex rel. Staples* v. *Sohmer,* 150 App. Div. 8, affirmed.

(Argued June 3, 1912; decided June 18, 1912.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered March 11, 1912, which affirmed an order of Special Term denying a motion for a peremptory writ of mandamus to compel defendant to receive payment of unpaid taxes on certain real estate and to cancel a tax deed thereof.

The facts, so far as material, are stated in the opinion.

*Merle I. St. John* for appellants. The purchaser at the comptroller's tax sale is not a necessary party. (*Matter of Jones,* 18 Hun, 327; *Clementi* v. *Jackson,* 92 N. Y. 591; *People ex rel. Nat. P. Bank* v. *Metz,* 141 App. Div. 600.)

*Thomas Carmody, Attorney-General* (*James A. Parsons* of counsel), for respondent. The comptroller is without power to cancel the alleged tax deed. (Const. of N..Y. art. 7, § 6; *People ex rel. Suydam* v. *Morgan,* 45 App. Div. 19; *Meigs* v. *Roberts,* 162 N. Y. 337; *Shea* v. *Campbell,* 71 Misc. Rep. 222.)

CULLEN, Ch. J. The relators were the owners of a lot of land in Westchester county which was sold in November, 1859, by the comptroller for default in the payment of taxes for the year 1855. Pursuant to such sale, in June, 1862, the comptroller made a conveyance of the premises to one Kidder, the assignee of the tax purchaser, the deed being recorded in the office of the

register of Westchester county in November, 1863. The description of the property sold as stated in the conveyance is: "The following tract, piece or parcel of land situated in the County of Westchester, viz.: One-fourth of an acre of land to be laid out at the expense of the party of the second part being lot No. 66 in the village of Unionport, which said described piece or parcel of land was sold by the said Comptroller at the said sale."

In July, 1911, under the provisions of section 140 of the Tax Law, the relators applied to the comptroller to cancel said tax sale and deed, and to receive the amount of the tax with interest, on the ground that the sale and deed were void because (1) the premises were imperfectly described in the assessment roll; (2) no entry was ever made on the said real property under the alleged sale; (3) more than thirty years have elapsed since the sale took place, and all rights of action under it had been barred; and (4) that the description of the premises in the deed was so indefinite and insufficient as to render the deed void. The comptroller refused to comply with the demand and thereupon the relators applied for a writ of mandamus directing that officer to take the action sought. No notice has been given to the tax purchaser or his successor in title of either the application to the comptroller or of the application for the writ of mandamus.

We think the application was properly denied. The statute (Cons. Laws, ch. 60, sec. 140) provides: "The comptroller shall not convey any lands sold for taxes if he shall discover before the conveyance that the sale was for any cause invalid or ineffectual to give title to the lands sold; but he shall cancel the sale and forthwith cause the purchase money and interest thereon to be refunded out of the state treasury to the purchaser, his representatives or assigns. * * * If he shall not discover that the sale was invalid until after a conveyance of the lands sold shall have been executed he shall, on application of any person having any interest

therein at the time of the sale, on receiving proof thereof, cancel the sale, refund out of the state treasury to the purchaser, his representatives or assigns, the purchase money and interest thereon." As this statute existed until 1896 its purpose was plain. It was to provide a method whereby the tax purchaser, in case a tax sale was ineffectual to give him any title to the land sold, should receive from the state a return of the money paid by him with interest and the sale be canceled. In that proceeding no party was interested except the state and the tax purchaser, and the former owner of the land had no standing to apply for a cancellation — the statute being in no respect enacted for his benefit. So this court uniformly held. (*People ex rel. Wright* v. *Chapin,* 104 N. Y. 369; *People ex rel. Ostrander* v. *Chapin,* 105 id. 309; *Ostrander* v. *Darling,* 127 id. 70; *People ex rel. Hamilton Park Co.* v. *Wemple,* 139 id. 240; *People ex rel. Witte* v. *Roberts,* 144 id. 234; *People ex rel. Millard* v. *Roberts,* 151 id. 540.) But in the enactment of the General Tax Law of 1896 this addition was made to the section above quoted: "Provided, however, that in any county which does not include a portion of the forest preserve, such application for cancellation may also be made by the owner of the lands at the time of the tax sale." It is on the strength of this amendment that the relators made their application.

The statute does not require any notice of the application to the comptroller to be given to the tax purchaser, nor do I see how any such requirement can be read into it. If, however, that were possible, as already stated, no such notice has been given. That the tax purchaser's title cannot be affected by any proceeding of which he is not given notice is too clear to require discussion. The relators state in their petition that the record of the tax deed is a cloud on their title and that the object of the proceeding is to remove it. When in an action to remove a cloud on title a court of equity decrees that the instru-

ment complained of is void, that concludes the parties and
thereafter no right can be asserted under the instrument.
The very object of such an action is to bar the hostile
claim.   If the comptroller had acquiesced in the relators'
demand and declared the tax sale and deed void, the
cloud, if any, on the relators' title would have been just
as dense as it was before the application was made, and
their title no more marketable.   The comptroller could
not annul the record of the deed in the register's office.
The only effect of canceling the record of the sale in the
comptroller's office would be to mislead purchasers of the
property who might search in his office to see if the lands
were free from the liens of taxes and tax sales.   An
application similar to the one we are now considering was
before the Appellate Division of the first department in
the case of *People ex rel. National Park Bank* v. *Metz*
(141 App. Div. 600).   There the application was to com-
pel the comptroller of the city of New York to cancel two
tax deeds of lands in Westchester county subsequently
incorporated into that city.   In that case the application
was granted.   The judge writing for the Appellate Divi-
sion said: "Were it not for the precedents I would not
hesitate to express the opinion that after the public offi-
cials have collected a tax or assessment by a sale of the
premises, and have issued to the purchaser a certificate
which may ripen into a lease, the owner claiming that
the sale was void should be left to the remedy which he
has by suit in equity for a cancellation thereof as a cloud or
threatened cloud on title,   *   *   *   or for redemption to
which the purchaser at the tax sale would be a party and in
which his rights could be adjudicated,   *   *   *   for since
the purchaser is not a party to a mandamus proceeding, his
rights cannot be affected thereby   *   *   *   and, there-
fore, nothing of practical substance is accomplished by a
cancellation of a tax sale in a mandamus proceeding to
which the appropriate public officials alone are parties;
but although the adjudication in such a mandamus pro-

ceeding can have no effect on the rights of the purchaser at the tax sale, it has been authoritatively decided that an owner of real estate is entitled to bring a mandamus proceeding to compel the acceptance of payment of a void tax and to cancel a tax sale based thereon, and if the sale be void it is the duty of the court to direct its cancellation." (p. 603.)

I think the learned judge was led into error against his his own better judgment by a mistaken view of what had been decided by this court. In *Matter of Clementi* v. *Jackson* (92 N. Y. 591) taxes in the city of Brooklyn had been held invalid by reason of the failure of the assessors to incorporate in their oaths attached to the tax rolls a certain statement required by the city charter. (*Brevoort* v. *City of Brooklyn*, 89 N. Y. 128.) After such decision the legislature passed a statute validating the taxes. Meanwhile, default having been made by the relator in the payment of certain of these taxes, his property was sold. After the validating act he tendered the tax collector the amount of his tax with interest, which the register of arrears refused to receive because the property had previously been sold. The mandamus in that case commanded him to receive the amount of the tax in discharge of that lien which had been imposed by the legislature. It did not command any action canceling or avoiding the previous sale. After the decision by this court that the original taxes were void and the enactment by the legislature of the statute, there was a new tax imposed, which of course the relator had the right to pay, because for default in the payment of the new tax the land might again be sold. In the case of *People ex rel. Townshend* v. *Cady* (51 N. Y. Super. Ct. 316) the mandamus commanded the clerk of arrears merely to receive the amount of the taxes and give a receipt for their payment. In *People ex rel. Cooper* v. *Registrar of Arrears, Brooklyn*, (114 N. Y. 19) the mandamus did require the registrar of arrears to receive the taxes and cancel the sale, but the

reason the court held the purchaser was not a necessary party was that he had not received a deed. In *People ex rel. Andrews* v. *McGuire* (126 N. Y. 419) the mandamus commanded the registrar to cancel an assessment lien after a sale therefor had been made, but the decision below was reversed by this court, the court saying that the relator's remedy was by an action in equity.

I have found no case in which the cancellation of a tax deed has been commanded in a proceeding to which the tax purchaser was not a party. The decision in *People . ex rel. Townshend* v. *Cady* (*supra*) was affirmed by this court (99 N. Y. 620), but not on the opinion below, which goes much further than was necessary for the disposition of the case. In the opinion it was said that the tax sale was a cloud on the relator's title which he had the right to have removed, but as already pointed out the mandamus did not and could not effect that result.

Therefore, for the reason that the tax purchaser was not a party to this proceeding, the application was properly denied. These views render the amendment of the Tax Law in 1896 inapplicable to conveyances made before that time. As to subsequent conveyances, a different rule may obtain, for a purchaser on those sales must take his title subject to just such limitations and conditions as the legislature has prescribed.

I think also that the writ of mandamus was properly denied for the laches of the relators. (*People ex rel. Millard* v. *Chapin*, 104 N. Y. 96; *People ex rel. Steinson* v. *Bd. Education*, 158 id. 125.) Fifteen years elapsed between the statute of 1896, which authorized an application to the comptroller, and the time when the application was made.

The order appealed from should be affirmed, with costs.

GRAY, WERNER, HISCOCK, CHASE and COLLIN, JJ., concur; WILLARD BARTLETT, J., absent.

Order affirmed.