GEORGE W. SMITH, Plaintiff, *v.* ELIZABETH ALBERTSON et al., Defendants.

Supreme Court, Special Term for Trials, Suffolk County, February 11, 1952.

*Julian D. Heath* for plaintiff.

*John A. O'Keefe* for Elizabeth Albertson and others, defendants.

HILL, J. This is an action pursuant to article 15 of the Real Property Law wherein plaintiff seeks a determination that he is the owner of certain real property situate in the town of Southold, Suffolk County, New York, free and clear of any claim of title or interest of the defendants. His source of title originates under and by virtue of a sale of the premises held in November, 1943, for unpaid 1942–43 taxes covering the tax-

able period from December 1, 1942, to December 1, 1943. In pursuance of this sale, the premises were thereafter conveyed by deed dated November 25, 1946, recorded December 2, 1946, in the Suffolk County Clerk's office to the County of Suffolk, and thereafter conveyed to plaintiff by deed dated and recorded November 1, 1949.

The defendants, heirs of the late Arthur Tasker, were the owners of these premises in the year 1942 at the time the 1942–43 tax assessment was made and they still assert that they are the owners thereof, free and clear of plaintiff's claim of title. They claim that plaintiff's tax title is invalid and void by reason of failure to comply with section 22 of the Suffolk County Tax Act (L. 1920, ch. 311, as amd. by L. 1931, ch. 187).

Section 22 of the Suffolk County Tax Act as it existed at time of the 1942–43 tax assessment and the sale held thereunder provided as follows: " § 22. *Notice to be given by receiver of taxes.* Each receiver of taxes shall, within one week after the receipt of the tax and assessment roll and warrant, publish in such newspapers printed or circulated in the town or elsewhere as the town board shall designate, a notice of the receipt of such tax and assessment roll and warrant and that the taxes and assessments therein may be paid to the receiver at the times and with penalty as herein provided, and of the dates and places other than his principal office when and where he will attend for the receipts of taxes and assessments, and shall cause copies of said notice to be posted conspicuously in each election district of the town." (L. 1931, ch. 187, eff. March 30, 1931.)

It is conceded that the town board of Southold Town failed to designate a newspaper or newspapers in which the tax receiver should publish notice of the receipt of the assessment roll and warrant. Publication was had in the two newspapers published in the town however. There is no affidavit of posting in the town files and the officer called who posted the notices has no recollection of posting in all of the election districts and in any event did not post in the Fishers Island Election District.

This brings us to section 63. Section 63 of the Suffolk County Tax Act (as added by L. 1929, ch. 152) provides as follows: " § 63. *Presumption of validity of tax.* It shall be presumed that every tax levied and assessment made is valid and regular, and that all the steps and proceedings required by law were taken and had, until the contrary shall be made to appear. Any action or proceedings commenced by any person or persons to test the validity or regularity of any tax levied or assessment

made shall be commenced within two years from the first publication of the notice that town receiver of taxes has received the warrant from the board of supervisors and that such tax is ready for collection, as provided in section twenty-two of this act. The invalidity or irregularity of any tax or assessment shall not be available as a defense to any action or proceeding commenced after the expiration of two years from the delivery of such warrant as aforesaid, or for the enforcement of any right or title, by virtue of any sale thereunder, unless such action or proceeding to test the validity or regularity of such tax or assessment shall have been commenced within the time hereinbefore limited for commencing the same, and shall be still pending, or such tax or assessment shall have been adjudged to be irregular and invalid.''

Defendants rely on the *Seafire* case to defeat plaintiff's title. (*Seafire, Inc.*, v. *Ackerson*, 193 Misc. 965, affd. 275 App. Div. 717, affd. 302 N. Y. 668.) This decision was based on many facts not in the case at bar. I have also considered the case appearing on column 1 of page 55 of the New York Law Journal, July 10, 1951 (*Matter of Kantor*).

While section 63, particularly the last sentence, is not grammatically perfect and cohesive in construction, it is nevertheless clear that the Legislature distinguished between an action to test validity or regularity of any tax levied or assessment made and the enforcement of any right or title by virtue of any sale pursuant to the tax levied.

Tax laws, like other special laws affecting property of individuals, must be strictly construed (*Sharp* v. *Speir,* 4 Hill 76, 86).

Having in mind the *Seafire* and *Kantor* cases (*supra*), and construing the tax law strictly, I am constrained to find that a defense of irregular publication or posting is not available to defendants after the expiration of two years. And since the defendants have slept on their rights for nine years, their position is untenable.

It follows that the plaintiff have judgment for the relief demanded, i.e., title to the real property in question.