KASSAM CORP., Respondent, v. JAMES F. WALSH, Appellant.— Judgment for plaintiff in an action for specific performance of a contract for the sale of real property modified on the law and the facts by striking out the fourth ordering paragraph and so much of the fifth ordering paragraph as includes an allowance of $750. As so modified, judgment affirmed, without costs. Order granting motion for additional allowance reversed on the law and the facts, without costs, and motion denied, without costs. Plaintiff established that the title was unmarketable because there was reasonable doubt of compliance with the provisions of section 22 of the Suffolk County Tax Act (L. 1920, ch. 311, as amd.). (*Lynbrook Gardens* v. *Ullmann*, 291 N. Y. 472, 477; *Whittier Estates* v. *Manhattan Sav. Bank*, 181 Misc. 662, 665, affd. 268 App. Div. 1037.) The action is not barred by section 63 of the Suffolk County Tax Act, and *Smith* v. *Albertson* (201 Misc. 940, affd. 281 App. Div. 990) is not an authority to the contrary. That case involved a claim by a defendant, in an action brought pursuant to article 15 of the Real Property Law, that plaintiff's tax title was invalid by reason of failure to comply with the provisions of section 22 of the Suffolk County Tax Act. It was held therein that the defense interposed was not available after the expiration of two years from the delivery of the warrant. The present action is for specific performance of an agreement to sell real property and is not an action "to test the validity or regularity of such tax" within the meaning of section 63 of the tax act. (As added by L. 1929, ch. 152.)

The case was not difficult and extraordinary within the meaning of section 1513 of the Civil Practice Act and therefore there was no justification for an extra allowance. Closing of title shall proceed, unless the parties mutually agree as to time and place, at the place set forth in the judgment on fifteen days' notice by either party. Nolan, P. J., MacCrate, Schmidt and Murphy, JJ., concur; Beldock, J., concurs in reversal of the order for an additional allowance, and in striking from the judgment the fourth ordering paragraph and so much of the fifth ordering paragraph which includes the allowance of $750, but dissents from the affirmance of the balance of the judgment and votes to reverse the judgment and to grant judgment to defendant, with the following memorandum: On October 21, 1952, plaintiff's assignor, as purchaser, contracted with defendant, as seller, for the purchase and sale of four separate parcels of property. There is no dispute as to the marketability of the title to three of the parcels. Plaintiff claims that title to the fourth parcel was unmarketable on the closing date and has obtained a judgment for specific performance to all the land contracted to be sold, excluding the fourth parcel. Defendant contends plaintiff was required to take the entire property. The question on this appeal is the marketability of the fourth parcel on the closing date. Defendant obtained title to the fourth parcel by quitclaim deed from the County Treasurer of Suffolk County on May 14, 1951, the county having obtained title by purchase at a sale in 1946 for unpaid 1945 taxes. Plaintiff claims the title to the disputed parcel is unmarketable because of failure of the county to comply with section 22 of the Suffolk County Tax Act. In my opinion, the two-year Statute of Limitations contained in section 63 of that act is applicable to defects in a tax title for noncompliance with section 22. (*Smith v. Albertson*, 281 App. Div. 990.) No one in the future will be able to claim that the title to the fourth parcel is defective because the tax sale in 1946 was validated by chapter 259 of the Laws of 1953, the defects in the case at bar being merely irregularities and not jurisdictional. The result reached by the majority is harsh because defendant will be left with a parcel of approximately five acres which has no access to any highway.