L. Barron Hill, J.
This is a proceeding instituted under the provisions of article 78 of the Civil Practice Act to compel the *323 County Treasurer of Suffolk County to cancel certain tax sales occurring in November, 1952.
By petition verified November 18, 1955 the petitioners herein sought to have the County Treasurer cancel said sales pursuant to the provisions of section 40-c of the Suffolk County Tax Act (L. 1941, ch. 99, amdg. L. 1920, ch. 311). The County Treasurer denied the petition and this proceeding was instituted to review his action.
Respondent moves to dismiss the proceeding on the grounds (a) that it was not commenced within four months of the determination sought to be- reviewed, (b) that the petition is insufficient in law.
In my opinion, the letter of the County Treasurer of January 26, 1956 does n!ot 'amount to a denial of the petition and that same was not finally denied until August 16,1957, such that this proceeding has been commenced within the four-month period.
Petitioners base their request for cancellation of the sales on the ground that the provisions of section 22 of the Suffolk County Tax Act (L. 1920, ch. 311) were not duly complied with for the sales in question. Respondent contends that even if this is so, the proceeding is barred by the Statute of Limitations imposed by section 63 of the Suffolk County Tax Act. (L. 1949, ch. 331, amdg. L. 1920, ch. 311). This section requires “ Any action or proceedings ” to test the validity or regularity of any tax levied or assessment to be commenced within two years of the receipt of the tax warrant by the Town Receiver of Taxes. This Statute of Limitations has been upheld (Smith v. Albertson, 201 Misc. 940, affd. 281 App. Div. 990; cf. Matter of Kantor [Hutner], 280 App. Div. 605 [Suffolk County Tax Act, § 53]; Cameron Estates v. Deering, 308 N. Y. 24, 30; Kassam Corp. v. Walsh, 285 App. Div. 955).
Statutes of Limitation, however, can be waived and are not available unless raised as an affirmative defense or on motion accompanied by affidavit; see rule 107 of the Rules of Civil Practice. The motion herein to dismiss the petition as insufficient is analogous to a motion under rule 106 of the Rules of Civil Practice. Accordingly, it must be denied.
In view of the relief sought herein involving as it does the applicability of section 63 of the Suffolk County Tax Act— quaere, if this statute can be asserted by the County Treasurer? — and the rights of the tax -sale- purchasers, it seems to me that these purchasers are necessary parties as has been suggested by respondent (see People ex rel. Staples v. Sohmer, 206 N. Y. 39). However, no motion for such relief is presently before me.
*324 In view of my decision, heretofore, in Matter of Cowan v. Burns (110 N. Y. S. 2d 671) I am not prepared to grant the petition without according respondent a full opportunity to answer or otherwise move as to the sufficiency of the petition or proceeding.
Therefore, the respondent’s motion is denied, with leave to answer or otherwise move as to the petition within 10 days of service of the order herein with notice of entry.
Settle order.