L. Barrow Hill, J.
This is a motion by respondent for judgment on the pleadings in 'a proceeding brought under article 78 of the Civil Practice Act. No objection is raised by the petitioners to this procedure even though it may not comply strictly with the provisions of section 1293 of the Civil Practice Act.
The petition seeks an order directing the County Treasurer to cancel certain tax sales after request duly made by petitioners pursuant to the provisions of section 40-c of the Suffolk *393 County Tax Act (L. 1941, ch. 99, amdg. L. 1920, ch. 311) which provides insofar as is applicable here: “ § 40-c. Cancellation of sales. The county treasurer shall not convey any lands sold for taxes if he shall discover before the conveyance that the sale was for any cause invalid or ineffectual to give title to the lands sold; but he shall cancel the sale 'and forthwith cause the purchase-money and interest thereon to be refunded out of moneys appropriated and available therefor to the purchaser, his representatives or assigns. # * * If the county treasurer shall not discover that the sale was invalid until after a conveyance of the lands sold shall have been executed he may, on application of any person having ■any interest therein at the time of the sale, on receiving proof thereof, cancel the sale, refund out of moneys appropriated and available therefor to the purchaser, his representatives or assigns, the purchase-money and interest thereon ’ \
On or about November 18, 1955 these petitioners requested that the County Treasurer of Suffolk County cancel the 1952 tax sale, as to certain parcels, for the failure of the responsible officials to comply with section 22 of the Suffolk County Tax Act as it, then, provided for posting and publishing (L. 1920, ch. 311, as amd. by L. 1948, ch. 326). It does not appear from the petition whether or not a conveyance of the parcels had been made by the County Treasurer at the time of the receipt by him, of the request pursuant to section 40-c of the Suffolk County Tax Act. It is alleged in respondent’s answer that such conveyances were made subsequent to the 1952 tax sale, but the exact date when such conveyances were made is not given.
As affirmative defenses, respondent has alleged the Statute of Limitations provided by section 63 of the Suffolk County Tax Act (L. 1949, ch. 331, amdg. L. 1920, ch. 311) and the fact that the tax sale purchasers were not made parties to this proceeding. Based thereon, he has moved for judgment.
A reply served by petitioners admits the time allegations alleged by respondent pursuant to section 63 of the Suffolk County Tax Act but denies the applicability of said section to this proceeding.
Section 63 of the Suffolk County Tax Act as is applicable here provides: “ § 63. Presumption of validity of tax. It shall be presumed that every tax levied and assessment made is Valid and regular, and that all the steps and proceedings required by law were taken and had, until the Contrary shall be made to appear. Any action or proceedings commenced by any person *394 or persons to test the validity or regularity of any tax levied or assessment shall be commenced within two years from the date of the receipt of the tax warrant by the town receiver of taxes.”
Section 63 of the Suffolk County Tax Act limits the time for attack on the tax levied or assessment (Matter of Kantor [Hutner], 280 App. Div. 605, 609). Petitioners do not make such an attack; their attack is based on section 22 of the Suffolk County Tax Act (L. 1920, ch. 311, as amd. by L. 1948, ch. 326) as it existed before the enactment of chapter 776 of the Laws of 1952 enacting section 33-a of the Suffolk County Tax Act. An attack on the tax sale of 1952 on this ground is limited by the provisions of section 53 of the Suffolk County Tax Act (Matter of Kantor [Hutner], supra, citing L. 1929, ch. 152 and L. 1941, ch. 140). Consequently, the first affirmative defense has no applicability to this proceeding.
Of more practical difficulty is the second affirmative defense, viz., the tax sale purchasers are not parties to this proceeding.
Manifestly there is no indication in section 40-c of the Suffolk County Tax Act for the procedure to be other than ex parte. In fact had the demand been made before a conveyance there would be no need to require the purchasers as parties if the sale were, in fact, illegal. The situation is almost identical with that in People ex rel. Staples v. Sohmer (206 N. Y. 39) cited by this court in its memorandum opinion herein of December 27,1957 (15 Misc 2d 322, 323). There the statutory provision for the cancellation of the tax sale was the same as section 40-c of the Suffolk County Tax Act, being section 140 of the Tax Law applicable to the Comptroller. The Court of Appeals discussed the ex parte nature of the application but concluded that the mandamus application (identical in nature to this proceeding) was properly denied because the tax sale purchaser was not a party to the proceeding (206 N. Y. 39, 45).
In my memorandum decision of December 27, 1957, I stated (15 Misc 2d 322, 323, supra): “ it seems to me that these purchasers are necessary parties as has been suggested by respondent (see People ex rel. Staples v. Sohmer, 206 N. Y. 39). However, no motion for such relief is presently before me.”
On this present motion, petitioners persist in their contention that the tax sale purchasers are not necessary parties. In view of my previous suggestion and petitioners continued position, it is evident that they do not intend to apply to have the tax sale purchasers made parties to this proceeding. Accordingly, I must hold under People ex rel. Staples v. Sohmer (supra) that *395 this court cannot, therefore, grant any relief and the proceeding must be dismissed.
I should like to note, that in my opinion, in view of the subsequent conveyances, this proceeding, alone, will be a nullity in removing any cloud on petitioners’ title. This opinion is confirmed by People ex rel. Staples v. Sohmer (supra, p. 43).
Settle order providing for the dismissal of this proceeding.