■ In the Matter of RICHARD SAXTON et al., Appellants, against FREDERICK B. HOSE, JR., as County Treasurer of Suffolk County, Respondent.— Appeal by notices dated November 5, 1958 (1) from an order entered July 28, 1958 granting respondent's motion for judgment on the pleadings (Rules Civ. Prac., rule 112) and dismissing the petition, and (2) from an order entered October 21, 1958 granting appellants' motion for reargument and on reargument adhering to the original determination and providing that the dismissal of the proceeding is without prejudice to any action appellants may bring to remove any cloud on their alleged title to the subject properties wherein the respondent's grantees are defendants and the same relief is sought against respondent as incidental to the final judgment in such action. Appeal from order entered July 28, 1958 dismissed, without costs. (Cf. Graffeo v. Graffeo, 7 A D 2d 741.) Order entered October 21, 1958 unanimously affirmed, with $10 costs and disbursements. The alleged defect in the tax sale was not available as a defense to any action or proceeding commenced after the expiration of two years from the delivery of the warrant. Failure to designate a newspaper in which to publish notice under section 22 of the Suffolk County Tax Act (L. 1920, ch. 311, as amd.) was part of the levy of the tax or making of the assessment as the term is used in section 63 of the act (Smith v. Albertson, 201 Misc. 940, affd. 281 App. Div. 990; Kassam Corp. v. Walsh, 285 App. Div. 955). In addition, the tax deed purchasers were necessary parties (People ex rel. Staples v. Sohmer, 206 N. Y. 39). It was also within the discretion of respondent under section 40-c of the act after discovery of invalidity to determine whether application for cancellation, after conveyance, should be granted. There is no allegation in the petition, nor is it claimed, that the respondent failed to cancel

prior to conveyance even though he had discovered the alleged invalidity. He had not so discovered the invalidity if in good faith and for substantial reason he was of opinion that the grounds asserted by appellants were without merit. Present — Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ. [15 Misc 2d 392.]